UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RODOLFO J GARCIA,

          Petitioner,

    v.                                                                 Case No. 21-cv-0478-bhl

CHERYL EPLETT,

          Respondent.

## DECISION AND ORDER

        In 2018, Petitioner Rodolfo J. Garcia fired his appointed defense attorney and attempted to navigate Wisconsin's criminal appeals process *pro se*. But self-representation proved more complicated than he imagined, so he asked the State Public Defender to send over another lawyer. His request was denied, and his case faltered. He now seeks federal habeas on the grounds that Wisconsin deprived him of his Sixth Amendment right to counsel on appeal. Because his petition does not demonstrate that he is in custody in violation of federal law, it will be denied.

### FACTUAL BACKGROUND

        In 2017, Rodolfo Garcia faced charges of first-degree sexual assault of a child in both Winnebago and Calumet County. (ECF No. 34 at 3.) Prosecutors in the Winnebago case offered Garcia ten years' confinement concurrent to any sentence received in Calumet County in exchange for a guilty plea. (ECF No. 27 at 3.) Garcia claims he wanted to accept the offer, but his appointed attorney advised him to wait to enter his plea until after he received his sentence in Calumet County. (*Id.* at 2.) This strategy yielded poor returns; the Calumet County Circuit Court imposed a harsher-than-expected sentence, and the State subsequently withdrew its plea offer in Winnebago, which resulted in Garcia copping a less favorable deal—five years' initial confinement and ten years' extended supervision consecutive to his other sentence. (*Id.* at 5.)

        Garcia filed a timely Notice of Intent to Pursue Postconviction Relief, and the Wisconsin State Public Defender (SPD) appointed counsel. (*Id.*) Counsel and Garcia met to discuss his case, but based on their conversation, Garcia decided he would rather proceed *pro se*. (*Id.*) Both

appointed counsel and the SPD warned Garcia about the difficulty of maintaining an appeal unrepresented and cautioned that he would not receive a new attorney if he found litigation without counsel too cumbersome. (ECF No. 34 at 3-4.) Nonetheless, Garcia plowed ahead and asked counsel to withdraw. (ECF No. 10-6 at 65.)

On June 29, 2018, with the help of a "jailhouse lawyer," Garcia lodged an ineffective assistance of counsel claim in state court against his trial attorney, (ECF No. 27 at 5), and the postconviction court set a hearing on the matter for September 10, 2018. (ECF No. 25-9.) Realizing he needed help contacting material witnesses through the Mexican Consulate, Garcia moved the court for appointment of new counsel. (ECF No. 27 at 6.) The court declined, finding that Garcia had already waived his right to an attorney. (*Id.* at 7.) On September 11, 2018, one day after the hearing, the court denied Garcia's motion for postconviction relief because he "made conclusory allegations that [did] not support a finding of ineffective assistance of counsel, nor [did] they form a basis for a hearing." (ECF No. 10-6 at 70.)

On appeal, Garcia challenged only whether he knowingly, intelligently, and voluntarily waived his right to counsel. (ECF No. 27 at 7-8.) The Wisconsin Court of Appeals held that he did because he: (1) received an explanation of his rights and the dangers of proceeding *pro se*; (2) never objected to counsel's withdrawal; and (3) acted in a manner that evinced an intent to proceed without counsel. (ECF No. 10-5 at 5-6.) The Wisconsin Supreme Court declined review, and this action followed. (ECF No. 27 at 10.)

## LEGAL STANDARD

To obtain federal habeas relief, Garcia must prove that his state court custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). To carry this burden, he must show that the Wisconsin courts rejected his claims "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. §2254(d)(1), or "in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(2). In addition, he must show that the constitutional errors he identifies caused his conviction. *Engle v. Isaac*, 456 U.S. 107, 134-35 (1982).

# ANALYSIS

A federal habeas court reviews "the decision of the last state court to rule on the merits of the petitioner's claim." *Charlton v. Davis*, 439 F.3d 369, 374 (7th Cir. 2006) (citation omitted). In this case, that was the Wisconsin Court of Appeals. Accordingly, to resolve Garcia's petition, this Court must review that court's decision for reasonableness, applying Antiterrorism and Effective Death Penalty Act deference, unless the decision was contrary to federal law, in which case this Court's review is *de novo*. *See Mosley v. Atchison*, 689 F.3d 838, 844 (7th Cir. 2012).

Garcia's federal habeas petition raises four grounds for relief: (1) he did not knowingly, intelligently, and voluntarily waive his Sixth Amendment right to appellate counsel; (2) his trial attorney provided constitutionally ineffective assistance; (3) his appellate attorney provided constitutionally ineffective assistance; and (4) the Fourteenth Amendment's Due Process Clause requires specific performance of the State's original plea agreement. (ECF No. 27 at 2.) Of these, only the first was fairly presented for one complete round of State court review. (*Id.* at 27.) All other arguments are thus defaulted unless that default can be excused.

The first question is whether the Wisconsin Court of Appeals violated clearly established federal law when it determined that Garcia had validly waived his right to counsel. The second question is whether Garcia can establish cause and prejudice for his procedural default on his other claims and, if so, whether those claims entitle him to habeas relief. Because the answer to both questions is no, Garcia's petition must be denied.

I. **The Wisconsin Court of Appeals Appropriately Held that Garcia's Waiver of His Sixth Amendment Right to Counsel was Knowing, Intelligent, and Voluntary.**

The Sixth Amendment affords a criminal defendant the right to counsel at trial. *See Gideon v. Wainwright*, 372 U.S. 335, 344 (1963). This right extends to direct appeals. *See Evitts v. Lucey*, 469 U.S. 387, 393 (1985). A defendant may, of course, waive these rights, *see Miller v. Smith*, 765 F.3d 754, 761 (7th Cir. 2014), but "courts indulge every reasonable presumption against [such] waiver." *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938) (quoting *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393 (1937)). "The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer." *Carnley v. Cochran*, 369 U.S. 506, 516 (1962). "Anything less is not waiver." *Id.* Thus, "waivers of counsel must not only be voluntary, but must also constitute a knowing and intelligent relinquishment or abandonment of a known right or privilege, a matter which depends in each case 'upon the particular facts and circumstances surrounding that case, including the background,

experience, and conduct of the accused.'" *Edwards v. Arizona*, 451 U.S. 477, 482 (1981) (quoting *Johnson*, 304 U.S. at 464).

In Garcia's case, it is undisputed that both his appointed attorney and the SPD informed him of his right to an appeal, right to assistance of counsel on that appeal, and right to opt for a no-merit report; the dangers and disadvantages of proceeding *pro se*; and the possibility that successor counsel would not be appointed if he found *pro se* litigation too difficult. (ECF No. 10-6 at 32-33.) Despite these warnings, Garcia insisted that his attorney withdraw. (*Id.* at 50.) But he now asserts that he would not have done so had he known that the court of appeals could order his attorney to continue to represent him if it found that his response to a no-merit report identified viable claims. (*Id.* at 58.) In other words, he knew that he had the right to respond to a no-merit report, but he did not understand the precise mechanics of that process; therefore, he did not validly waive his right to counsel on appeal. (*Id.*)

It is true that "[u]nderstanding one's options is an essential ingredient of waiver when the right at stake is counsel." *Betts v. Litscher*, 241 F.3d 594, 596 (7th Cir. 2001) (citing *Johnson*, 304 U.S. at 458). But, at least on appeal, an appointed attorney is not required to meticulously expound the pros and cons of every possible avenue. *See Speights v. Frank*, 361 F.3d 962, 964-65 (7th Cir. 2004). A state may permit a defendant to represent himself on appeal "without the rigmarole that attends waiver of counsel for trial." *Id.* at 965. "'[S]traightforward assent' is enough." *Jean-Paul v. Douma*, 809 F.3d 354, 359 (7th Cir. 2015) (quoting *Speights*, 361 F.3d at 965.

Like Garcia, the criminal defendants in *Speights* and *Jean-Paul* were informed of their right to opt for no-merit reports but instead elected to proceed *pro se*. *See Speights*, 361 F.3d at 964; *Jean-Paul*, 809 F.3d at 358. Both defendants later challenged the validity of their waivers on the grounds that their appointed attorneys had not explained the precise contours of the no-merit process. *Id.* In *Speights*, the Seventh Circuit explained that the Supreme Court has never required "that counsel explain the no-merit procedure clearly enough for a client to grasp." *Speights*, 361 F.3d at 965. Similarly, in *Jean-Paul*, the Court of Appeals confirmed that a defendant knew enough to validly waive his Sixth Amendment right to counsel because he understood that he had the right to respond to a no-merit report. *Jean-Paul*, 809 F.3d at 360. Both approaches doom Garcia's petition. By his own admission, his attorney informed him of the no-merit process and his right to respond. (ECF No. 10-6 at 58.) According to the Seventh Circuit, "[t]his evidence shows that [Garcia] understood that the appellate court would decide whether to accept [appointed

counsel's] no-merit report." *Jean-Paul*, 809 F.3d at 360. Equipped with such understanding, Garcia could validly waive the right to counsel on appeal. *Id.*

Garcia, however, believes his case is more in line with *Betts*, where the Seventh Circuit found "scant evidence of waiver" when a Wisconsin court permitted appointed counsel to withdraw without any formal colloquy, and the only evidence of waiver was counsel's own statements. 241 F.3d at 596. Neither *Speights* nor *Jean-Paul* addressed this specific situation; in both cases the defendants executed waiver forms, manifesting "straightforward assent" to go it alone. *See Speights*, 361 F.3d at 963; *Jean-Paul*, 809 F.3d at 360. But in Garcia's case, as with *Betts*, there is no record of a signed waiver form. That said, waiver is a fact-specific inquiry. *See Edwards*, 451 U.S. at 482. And it depends "not only on a defendant's words, but also on his conduct." *Miller v. Smith*, 765 F.3d 754, 762 (7th Cir. 2014). In *Betts*, the defendant "vociferously" disputed that he had waived his right to counsel, 241 F.3d at 596, and his filings evinced no intent to go *pro se*. *Id.* at 595. Conversely, Garcia does not dispute that he dismissed his attorney. In fact, his postconviction motion explicitly affirmed his decision to proceed unrepresented. (ECF No. 10-6 at 50.) This is straightforward assent by another name. An executed waiver form is not a precondition of valid waiver, at least not when other evidence demonstrates a defendant's knowing, intelligent, and voluntary intent to represent himself. As the Wisconsin Court of Appeals found, Garcia was adequately informed of his rights, never objected to his attorney's withdrawal, and even acknowledged his desire to proceed *pro se* in later filings. On these facts, a court may hold a litigant to his waiver "without contradicting any decision of the Supreme Court or acting unreasonably." *Speights*, 361 F.3d at 965. Formal hearings and magic words are unnecessary. *See Miller*, 765 F.3d at 762.

In his reply brief, Garcia makes a last-ditch effort to salvage his claim, arguing that the State court improperly delegated its duty to ensure valid waiver. At least in the context of a trial, the Seventh Circuit has held that "[t]his duty should not be discharged by enlisting the defendant's adversary to conduct the waiver inquiry." *United States v. Moya-Gomez*, 860 F.2d 706, 735 (7th Cir. 1988). But Garcia's appointed lawyer was not his "adversary." Moreover, unlike a waiver at trial, a waiver of counsel on appeal does not "require an oral inquiry to ensure that the defendant chooses with knowledge of his entitlements and his eyes open to the dangers of self-representation." *Speights*, 361 F.3d at 964. Again, waiver on appeal is a circumstance-specific

question, and on the facts in the record, the Wisconsin Court of Appeals did not contravene federal law when it held Garcia to a decision he came to regret.

## II. The Balance of Garcia's Claims are Procedurally Defaulted, and He Cannot Show Cause and Prejudice to Excuse His Default.

Garcia concedes that he procedurally defaulted on his second, third, and fourth grounds for relief. (ECF No. 27 at 27.) "A procedural default will bar a federal court from granting relief on a habeas claim *unless* the petitioner demonstrates cause for the default and prejudice resulting therefrom, or, alternatively, he convinces the court that a miscarriage of justice would result if his claim were not entertained on the merits." *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004) (citations omitted). To satisfy the cause and prejudice standard, a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and that the identified constitutional violations "worked to his *actual* and substantial disadvantage." *Murray v. Carrier*, 477 U.S. 478, 488, 494 (1986) (internal quotations omitted).

In his opening brief, Garcia argues that any default must be attributed to the Wisconsin courts because they wrongly deprived him of his Sixth Amendment right to counsel. (ECF No. 27 at 28.) He also suggests that his postconviction attorney's ineffectiveness is cause to excuse procedural default. (*Id.*) The first of these is a nonstarter. The Wisconsin courts did not wrongly deprive Garcia of his right to counsel; he waived that right. His own decision to represent himself is not an external factor that can excuse his failure to raise his claims before the State court system.

On the other hand, ineffective assistance of counsel can be cause for default attributed to the State. *See Coleman v. Thompson*, 501 U.S. 722, 754 (1991). Garcia suggests that postconviction counsel refused to investigate the bases for the second, third, and fourth grounds raised in his federal habeas petition, and this ineffective assistance led him to default on those claims.[1] To establish ineffective assistance, he "must show both deficient performance by counsel

---

[1] Ineffective assistance of counsel is generally only cause for default in proceedings for which the Constitution guarantees the legal right to representation. *See Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017). This means that errors committed by postconviction counsel, to which there is no constitutional right, normally cannot excuse procedural default in a federal habeas claim. *See Shinn v. Ramirez*, 142 S. Ct. 1718, 1733 (2022). And in Wisconsin, the failure to raise a claim of ineffective assistance of trial counsel is a failure of *postconviction* counsel, not appellate counsel. *See State ex rel. Warren v. Meisner*, 944 N.W.2d 588 (Wis. 2020). As a result, it might appear that Garcia cannot use postconviction counsel's alleged deficient performance to excuse his default. But in *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court recognized a narrow exception, allowing federal habeas petitioners to raise defaulted ineffective-assistance-of-trial-counsel claims when state law required those claims to be raised in an initial collateral proceeding, and counsel in that collateral proceeding proved ineffective. *Id.* at 17.

and prejudice." *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009). He initially acknowledged that he needed an evidentiary hearing to do so. (ECF No. 27 at 28, 30.) However, he later asserted that the record contained enough evidence to satisfy both the performance and prejudice prongs. (ECF No. 38 at 7.) His earlier representation was more honest. As the postconviction court noted, Garcia has supplied only "conclusory allegations that will not support a finding of ineffective assistance of counsel." (ECF No. 10-6 at 70.) He needs more. Thus, he can only establish cause and prejudice to forgive his procedural default if permitted to supplement the record at an evidentiary hearing. The problem is, he is not entitled to one.

Under 28 U.S.C. Section 2254(e)(2), if a habeas petitioner "has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows" that the claim relies on: (1) a "new" and "previously unavailable" "rule of constitutional law, made retroactive to cases on collateral review"; or (2) "a factual predicate that could not have been previously discovered through the exercise of due diligence." Garcia does not maintain that either narrow exception applies to his case. Instead, he argues that he does not need an exception because he did not "fail[] to develop the factual basis" of his claims in State court; his ineffective postconviction attorney did. But "state postconviction counsel's ineffective assistance in developing the state-court record is attributed to the prisoner." *Shinn v. Ramirez*, 142 S. Ct. 1718, 1734 (2022). In other words, when he casts blame on postconviction counsel, Garcia is essentially blaming himself. And because he failed to develop the state court record, his request for an evidentiary hearing turns on the applicability of the two narrow exceptions that he has already conceded do not apply. He is not entitled to additional equitable consideration based on postconviction counsel's performance. "[A] federal habeas court may not conduct an evidentiary hearing or otherwise consider evidence beyond the state-court record based on ineffective assistance of state postconviction counsel." *Id*.

Because Garcia needs an evidentiary hearing to satisfy the cause and prejudice standard and forgive his procedural default on his second, third, and fourth claims, and because he is not entitled to any such hearing, the Court may not consider those claims on collateral habeas review.

---

Because Wisconsin requires ineffective assistance of counsel claims to be raised, in the first instance, on collateral review, ineffective assistance of postconviction counsel in those collateral proceedings can be used to forgive default for any ineffective-assistance-of-trial-counsel claims that were not raised therein.

As a final matter, the Court notes that even in the absence of *Shinn*, Garcia would not be entitled to an evidentiary hearing. He waived his right to counsel and accepted the significant burden of managing his own postconviction case. This was not the result of "a 'Hobson's Choice' between proceeding *pro se* or continuing with [an] attorney that was deemed ineffective." *Miller*, 765 F.3d at 763. Garcia simply did not want his attorney to file a no-merit brief with the court of appeals. As the Seventh Circuit has recognized, this is not uncommon; "Wisconsin's procedure may lead some defendants to think it better to represent themselves than to allow counsel to arm the court with reasons why they should lose." *Speights*, 361 F.3d at 964. But "persons in [Garcia's] position cannot claim a constitutional entitlement to avoid making that decision, even though from their perspective it amounts to a choice among evils." *Id.* It is not, therefore, ineffective assistance for an attorney to advise his client that he intends to invoke the no-merit procedure. The procedure itself safeguards the client—if the court of appeals finds any claim of arguable merit, it will not permit the attorney to withdraw. In sum, there is no basis on which to find Garcia's attorney's performance deficient, so even if it could, the Court would not consider such performance an equitable basis on which to conduct an evidentiary hearing.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Garcia's petition for writ of habeas corpus under 28 U.S.C. §2254, ECF No. 1, is **DENIED**, and the case is **dismissed**. The Clerk of Court is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that a certificate of appealability **SHALL NOT ISSUE** because the Court does not find that any reasonable jurist could debate that the petition should have been resolved in a different manner. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated at Milwaukee, Wisconsin on January 13, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge